UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED PROTECTION
TECHNOLOGIES, INC., a Florida
corporation,

        Plaintiff,

v.                                      Case No. 8:04-cv-161-T-24 MAP

SQUARE D COMPANY, a Delaware
corporation, and EFI ELECTRONICS
CORPORATION, a Delaware corporation,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 56). Defendants oppose this motion. (Doc. No. 62).

## **I. Background**

Plaintiff Advanced Protection Technologies, Inc. alleges the following in its Second Amended Complaint (Doc. No. 59): During the course of Plaintiff and Defendant Square D Company's ("SQD") joint venture, the parties developed a "Protective Containment Apparatus for Potted Electronic Circuits" for which a patent was issued ("Containment Patent"). The patent was to be issued in the joint names of Plaintiff and SQD. SQD was supposed to convey its interest in the Containment Patent to Plaintiff three years after the patent was issued. However, contrary to the parties' agreement and contrary to the specific instructions and authority granted to SQD by Plaintiff for the creation of the patent, SQD had the Containment Patent issued in SQD's name alone and refused to transfer its interest in the patent when due (i.e., three years after it was issued). As a result, Plaintiff has asserted a breach of contract claim

against SQD due to the patent being issued in SQD's name alone and SQD's alleged failure to transfer the patent to Plaintiff after three years (Count IX of the Second Amended Complaint). Plaintiff now seeks summary judgment on this breach of contract claim.

## II.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

### III. Plaintiff's Motion for Summary Judgment

Plaintiff contends that it is entitled to summary judgment on its breach of contract claim regarding the Containment Patent being issued in SQD's name alone and SQD's alleged failure to transfer the Containment Patent to Plaintiff after three years. Upon review of the submissions of the parties, the Court finds that there are genuine issues of material fact that preclude summary judgment on this claim.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (Doc. No. 56) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of April, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record